<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

WILLIAM C. SEVERS, JR.,          :
                                 :    Civil Action No. 05-4508 (FLW)
                Plaintiff,       :
                                 :
        v.                       :    **OPINION**
                                 :
CUMBERLAND COUNTY JAIL,          :
et al.,                          :
                                 :
                Defendants.      :

**APPEARANCES:**

        WILLIAM C. SEVERS, JR., Plaintiff <u>pro se</u>
        #36291
        Cumberland County Jail
        P.O. Box 717
        Bridgeton, New Jersey 08302

**WOLFSON**, District Judge

        Plaintiff William C. Severs, Jr. ("Severs"), currently

confined at the Cumberland County Jail in Bridgeton, New Jersey,

brings this action pursuant to 42 U.S.C. § 1983, alleging

violations of his constitutional rights.  At this time, the Court

must review the Complaint pursuant to 28 U.S.C. § 1915A to

determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who

is immune from such relief.  For the reasons set forth below, the

Court concludes that the Complaint may proceed only in part.

I.  <u>BACKGROUND</u>

        In his Complaint, Severs contends that he has been denied
medical treatment and care for his serious medical conditions;
that he has been denied access to the law library; and that the
defendants at Cumberland County Jail have interfered with his
legal mail.

        With respect to his denial of medical care claim, Severs
alleges that he suffers from an incarcerated hernia, highly
elevated high blood pressure, and inflammation of his left
paranasal sinuses.  From April 2004 through August 2004,
plaintiff's counsel wrote to the jail officials seeking medical
attention and assistance for Severs.  Severs had requested
surgery for his hernia, which was not scheduled until a year
later in August 2005.  Severs now claims that the surgery was
cancelled due to his criminal trial.  Severs states that he was
told by jail officials that they will not grant surgery or
further testing until after plaintiff is transported to New
Jersey State Prison.  Severs' sentencing date is not until
October 21, 2005, and he has no transport date for New Jersey
State Prison.

        Severs next complains that his legal mail has been opened
outside of his presence on repeated occasions.  Severs' attorney
wrote to the warden, Glenn Sauders, several times to correct the
situation, but nothing was done.

Finally, Severs states that he is being denied meaningful access to the law library.  In the three years that Severs was incarcerated, he was permitted access to the law library only two times even though he had made many requests to visit the law library.  On the two occasions that he was allowed to use the library, Severs was shackled and in handcuffs.

Severs seeks injunctive relief, namely, an Order directing the defendants to schedule his hernia operation immediately; and to investigate the Jail's violation of the inmates' right to use the law library and the interference with inmates' legal mail. Severs also seeks an unspecified monetary amount in damages for his pain and suffering.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

3

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but

4

must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34

(1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint

that satisfied notice pleading requirement that it contain short,

plain statement of the claim, but lacked sufficient detail to

function as a guide to discovery, was not required to be

dismissed for failure to state a claim; district court should

permit a curative amendment before dismissing a complaint, unless

an amendment would be futile or inequitable); Grayson v. Mayview

State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal

pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d

113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C.

§ 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91

F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his constitutional rights.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, the Complaint seeks redress against the Cumberland County Jail, the warden, and other jail officials and guards for their violation of Severs' constitutional rights.[1]

IV.  ANALYSIS

A.  Denial of Medical Care Claim

Severs first complains that he has been denied medical treatment, namely, surgery for his hernia, and treatment for high blood pressure and a inflamed sinus condition. He contends that defendants violated his right against cruel and unusual punishment as guaranteed under the Eighth Amendment.

Severs was a pretrial detainee when he was allegedly denied medical care. Thus, his constitutional claims are considered under the due process clause of the Fourteenth Amendments, rather than the Eighth Amendment. See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 243-45 (1983)(holding that the Due Process Clause of the Fourteenth Amendment, rather than the

---

[1] Although the caption of the Complaint names only the Cumberland County Jail, the Complaint refers to the warden and other jail personnel in the allegations contained in the text or body of the Complaint.

6

Eighth Amendment, controls the issue of whether prison officials must provide medical care to those confined in jail awaiting trial); Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir.), cert. denied, 531 U.S. 821 (2000); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 n.31 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).  However, the Third Circuit has held that the "deliberate indifference" standard employed in Eighth Amendment cases also applies to pretrial detainees under the Fourteenth Amendment.  See Natale v. Camden County Correctional Facility, 318 F.3d 575, 581-82 (3d Cir. 2003)("In previous cases, we have found no reason to apply a different standard than that set forth in Estelle ... We therefore evaluate Natale's Fourteenth Amendment claim for inadequate medical care under the standard used to evaluate similar claims under the Eighth Amendment."); Simmons v. City of Philadelphia, 947 F.2d 1042, 1067 (3d Cir. 1991), cert. denied, 503 U.S. 985 (1992); Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990); Taylor v. Plousis, 101 F. Supp.2d 255, 262 n.3 (D.N.J. 2000).  See also Hubbard, 399 F.3d at 166 n.22. Accordingly, since the Fourteenth Amendment in this context incorporates the protections of the Eighth Amendment, the Court will apply the deliberate indifference standard of the Eighth Amendment in analyzing plaintiff's denial of medical care claim.  See Simmons,

947 F.2d at 1067 (the rights of a detainee are at least as great as those of a convicted prisoner).

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Estelle, 429 U.S. at 106; Natale, 318 F.3d at 582.

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d

8

Cir. 2003)(internal quotations and citations omitted); see also Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need.  See Natale, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).  Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference.  Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims."  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted).  Even if a

doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation.  Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment.  See Rouse, 182 F.3d at 197.  The court has also held that needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment.  Atkinson, 316 F.3d at 266.  See also Monmouth County Correctional Institutional Inmates, 834 F.2d at 346 ("deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment"); Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993); White v. Napoleon, 897 F.2d 103 (3d Cir. 1990).

Here, Severs alleges that he has an incarcerated hernia that requires surgery due to possible strangulation.  He states that surgery was to be scheduled for August 2005, but was then cancelled, principally because he was to be transferred to New

Jersey State Prison.  However, Severs' transfer is not scheduled
at this time, and will not be scheduled until he is actually
sentenced in October 2005.

The Court finds that these allegations, as presented, may be
sufficient at this stage to support a denial of medical care
claim.  First, Severs' incarcerated hernia and the scheduled
surgery to prevent strangulation suggest a serious medical need.
Second, Severs allegation that the jail officials cancelled his
surgery for non-medical reasons might also, if true, suggest
deliberate indifference.  See Rouse, 182 F.3d at 197 (finding
deliberate indifference where a prison official delays necessary
medical treatment for non-medical reasons).  Therefore, at this
early stage of litigation, the Court is inclined to allow the
denial of medical care claim proceed.

B.    Inadequate Law Library Claim

The constitutional right of access to the courts is an
aspect of the First Amendment right to petition the government
for redress of grievances.  Bill Johnson's Restaurants, Inc. v.
NLRB, 461 U.S. 731, 741 (1983).  In addition, the constitutional
guarantee of due process of law has as a corollary the
requirement that prisoners be afforded access to the courts in
order to challenge unlawful convictions and to seek redress for
violations of their constitutional rights.  Procunier v.
Martinez, 416 U.S. 396, 419 (1974), overruled on other grounds,

Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). See also
Peterkin v. Jeffes, 855 F.2d 1021, 1036 n.18 (3d Cir. 1988)
(chronicling various constitutional sources of the right of
access to the courts).

In Bounds v. Smith, 430 U.S. 817, 828 (1977), the Supreme
Court held that "the fundamental constitutional right of access
to the courts requires prison authorities to assist inmates in
the preparation and filing of meaningful legal papers by
providing prisoners with adequate law libraries or adequate
assistance from persons trained in the law." The right of access
to the courts is not, however, unlimited. "The tools [that
Bounds] requires to be provided are those that the inmates need
in order to attack their sentences, directly or collaterally, and
in order to challenge the conditions of their confinement.
Impairment of any other litigating capacity is simply one of the
incidental (and perfectly constitutional) consequences of
conviction and incarceration." Lewis v. Casey, 518 U.S. 343, 355
(1996) (emphasis in original). Similarly, a pretrial detainee
has a right of access to the courts with respect to legal
assistance and participation in one's own defense against pending
criminal charges. See, e.g., May v. Sheahan, 226 F.3d 876, 883-
84 (7th Cir. 2000); Caldwell v. Hall, 2000 WL 343229 (E.D. Pa.
March 31, 2000). But see United States v. Byrd, 208 F.3d 592,
593 (7th Cir. 2000) (pretrial detainee who rejects an offer of

12

court-appointed counsel in satisfaction of the Sixth Amendment
right to counsel has no alternative right to access to a law
library); <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1290-91 (11th
Cir. 1998) (same); <u>United States v. Walker</u>, 129 F.3d 1266, 1997
WL 720385, **4 (6th Cir. 1997) (same).

    Moreover, a prisoner alleging a violation of his right of
access must show that prison officials caused him past or
imminent "actual injury" by hindering his efforts to pursue such
a claim or defense.  <u>See</u> <u>Lewis</u>, 518 U.S. at 348-51, 354-55
(1996); <u>Oliver v. Fauver</u>, 118 F.3d 175, 177-78 (3d Cir. 1997).
"He might show, for example, that a complaint he prepared was
dismissed for failure to satisfy some technical requirement
which, because of deficiencies in the prison's legal assistance
facilities, he could not have known.  Or that he had suffered
arguably actionable harm that he wished to bring before the
courts, but was so stymied by inadequacies of the law library
that he was unable to file even a complaint."  <u>Lewis</u>, 518 U.S. at
351.

    In describing the scope of services which must be provided
by the state to indigent prisoners, the Supreme Court has stated,
"[i]t is indisputable that indigent inmates must be provided at
state expense with paper and pen to draft legal documents, with
notarial services to authenticate them, and with stamps to mail
them.  ...  This is not to say that economic factors may not be

13

considered, for example, in choosing the methods used to provide
meaningful access.  But the cost of protecting a constitutional
right cannot justify its total denial."  <u>Bounds</u>, 430 U.S. at 824-
25, <u>clarified on other grounds</u>, <u>Lewis v. Casey</u>, 518 U.S. 343.
Thus, "there is no First Amendment right to subsidized mail or
photocopying.  [Instead], the inmates must point to evidence of
actual or imminent interference with access to the courts."
<u>Reynolds v. Wagner</u>, 128 F.3d 166, 183 (3d Cir. 1997).

     Here, Severs fails to allege any actual injury as a result
of the alleged limitations on his use of the law library.
Moreover, it is clear that Severs had counsel representing him in
his criminal matters, and in seeking remedies for the claims now
addressed in this Complaint.  Finally, Severs has been able to
file this Complaint and other pleadings without any allegations
that his efforts to do so were encumbered in any way.  Therefore,
Severs fails to show actual injury with respect to his claim that
he was denied access to the courts by way of inadequate law
library access, and this claim will be dismissed without
prejudice accordingly.

C.  <u>Interference with Legal Mail</u>

     Finally, Severs alleges that Cumberland County Jail
officials have repeatedly interfered with his legal mail on
numerous occasions, even after Severs' attorney had written to
the warden to remedy the situation.  In particular, Severs

14

alleges that his legal mail is opened and reviewed outside his presence.

Inmates have a limited liberty interest in their mail under the First and Fourteenth Amendments; thus, an inmate's constitutional right to send and receive mail may be restricted only for legitimate penological interests. See Thornburgh v. Abbott, 490 U.S. 401, 407 (1989); Turner v. Safley, 482 U.S. 78, 89 (1987). A single interference with the delivery of an inmate's personal mail, without more, does not rise to the level of a constitutional deprivation. Morgan v. Montayne, 516 F.2d 1367 (2d Cir. 1975), cert. denied, 424 U.S. 973 (1976).

Here, Severs alleges sufficient facts which may demonstrate a pattern of actual and deliberate interference with plaintiff's legal mail. Consequently, at this early stage of the proceeding, the Court will allow this claim to proceed.

V.  CONCLUSION

For the reasons set forth above, Severs' access-to-courts claim will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim. However, the remaining claims, alleging denial of medical care and interference with legal mail, may proceed at this time. An appropriate order follows.

                                    s/Freda L. Wolfson
                                    FREDA L. WOLFSON
                                    United States District Judge
Dated: September 22, 2005

15